UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERON LEE HARRISON, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Defendants. | Case No. C12-1360-JLR-JPD <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Geron Harrison alleges in his complaint that defendants have violated his federal and state constitutional rights while supervising his probation. Plaintiff identifies the State of Washington Department of Corrections ("DOC") and two employees of that agency as defendants in this action. The DOC was previously dismissed from this action. The two remaining defendants, Community Corrections Officers (CCOs) Margaret Alquist and Mohammad Khatibi, have filed a motion for summary judgment seeking dismissal of all claims asserted against them in this action. Plaintiff has filed a responsive brief opposing defendants' motion, and defendants have filed a reply brief in support of their motion. The Court, having reviewed defendants' motion, all briefing of the

REPORT AND RECOMMENDATION - 1

parties, and the balance of the record, concludes that defendants' motion for summary judgment should be granted and plaintiff's complaint, and this action, should be dismissed with prejudice.

## BACKGROUND

In November 2010, plaintiff was convicted in King County Superior Court on misdemeanor charges of assault in the fourth degree – domestic violence and domestic violence violation of a court order. (Dkt. No. 31, Ex. A.) Plaintiff was sentenced to 24 months probation under the supervision of the DOC. (*See id*.) In December 2010, plaintiff was notified by the DOC that he was no longer under DOC supervision because the King County convictions did not meet the criteria for continued supervision by the DOC. (*Id*., Ex. B.) The notice sent to plaintiff indicated that any conditions of supervision imposed by the DOC were no longer in effect and that plaintiff would be under the direct supervision of the court for the remainder of the supervision period. (*Id*.)

Plaintiff contends that CCO Alquist reinstated his probation in November 2011 without notifying him in writing.[1] (Dkt. No. 8 at 3.) He further contends that CCO Alquist made false written and verbal statements against him in February 2012 while he was under her supervision. (*Id*.) Plaintiff thereafter requested that CCO Alquist be relieved of her supervisory responsibilities over his probation and, in early April 2012, plaintiff's case was transferred to CCO Khatabi. (*Id*.)

Plaintiff contends that later in April 2012, after his case was transferred, CCO Khatabi unlawfully arrested plaintiff for violating his probation and unlawfully searched and seized plaintiff's personal property. (*Id*.) According to plaintiff, he thereafter remained in custody for

---

[1] Defendants offer no explanation for why plaintiff's supervision was reinstated or why he apparently remains on DOC supervision even now despite the fact that more than 24 months have elapsed since his probationary sentence was imposed.

REPORT AND RECOMMENDATION - 2

approximately two weeks before being ordered released by a King County Superior Court Judge who found plaintiff had not willfully violated his probation. (Dkt. No. 8 at 3-4.) Plaintiff also complains that CCO Khatibi coerced him into signing a DOC form acknowledging that the DOC could arrest him for any reason without a warrant. (*Id*. at 4.) Finally, plaintiff contends that CCO Khatabi coerced him into undergoing a polygraph examination without any legal justification in an effort to interfere with another pending criminal action. (*Id*.)

In October 2012, plaintiff's supervision was transferred from CCO Khatabi to CCO Kim Nix. CCO Khatabi no longer works in the community corrections office which oversees plaintiff's community custody, though CCO Alquist apparently remains employed there. (*See* Dkt. No. 22, Ex. 1.)

While plaintiff identifies in his complaint numerous instances of alleged unlawful conduct on the part of defendants, the only relief he seeks in this action is an injunction prohibiting defendants from compelling him to undergo a polygraph examination against his will. Defendants argue in their motion for summary judgment that plaintiff's claim for injunctive relief is now moot. They further argue that even if plaintiff's claim remained viable, and the allegations against them were true, plaintiff would not be entitled to the relief he seeks.

## DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Genuine disputes are those for which the evidence is such that a "reasonable jury could

REPORT AND RECOMMENDATION - 3

return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257.  Material facts are those which might affect the outcome of the suit under governing law.  *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and must produce evidence sufficient to establish the existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on a motion for summary judgment, the court is required to draw all inferences in a light most favorable to the nonmoving party.  *Id*. at 248.  The court may not weigh the evidence or make credibility determinations.  *Id*.

Defendants argue in their motion for summary judgment that plaintiff's case is now moot because the only redress sought by plaintiff is an injunction prohibiting defendants from compelling him to undergo a polygraph examination and neither defendant now has authority to do so as neither is currently assigned to supervise plaintiff.

"Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  The "case or controversy" requirement restricts federal jurisdiction to those cases where the plaintiff can demonstrate that "he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate."  *Id*. at 101-02 (internal quotations omitted.).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

REPORT AND RECOMMENDATION - 4

The Supreme Court has made clear that the party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the summary judgment stage, the plaintiff must demonstrate by affidavit or other evidence specific facts which support standing. *Id*.

"A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (internal quotation marks omitted). In the context of a civil rights case asserting claims for injunctive relief arising out of prison policies, the claims generally become moot when the inmate is released from custody and, thus, is no longer subject to those policies. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

Defendants have presented evidence in support of their summary judgment motion demonstrating that neither CCO Alquist nor CCO Khatabi is assigned to supervise plaintiff at this time and, thus, neither decides whether plaintiff should be ordered to undergo a polygraph examination. The individual solely responsible for such decisions at this point is CCO Kim Nix.

Plaintiff asserts in his response to defendants' summary judgment motion that CCO Alquist is still assigned to the DOC office which supervises his probation and that she is still "in-directly and covertly" supervising his probation though her friendship with CCO Nix. This assertion is apparently intended to overcome defendants' argument that the case is now moot. However, plaintiff's conclusory assertion, unsupported by any actual evidence that CCO Alquist still has decision making authority over his probation, is insufficient to support standing at this stage of the proceedings. As neither of the named defendants apparently has authority to order plaintiff to undergo a polygraph examination at this juncture, plaintiff's claim for injunctive relief is now moot.

REPORT AND RECOMMENDATION - 5

Defendants argue in the alternative that even if plaintiff's case is not moot, he hasn't shown that the requirement to participate in polygraph examinations as a part of his supervision violates his constitutional rights. The Court declines to address this portion of defendants' argument because plaintiff's community custody status is unclear. Plaintiff has presented evidence that his DOC supervision was terminated in December 2010. Defendants have offered no evidence that DOC supervision was ever properly reinstated. Regardless, it is clear from the record that plaintiff lacks standing to proceed with his claim for injunctive relief against the two remaining defendants. Accordingly, defendants are entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint, and this action, be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 13th day of September, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6